STEVENS and HOUGHTALING *vs.* ENO.

No sale can be perfect, and no property passes to the purchaser, when any act remains to be done by the vendor, such as weighing, measuring, or counting out of a common parcel.

Accordingly, where hay in the stack was sold by a school collector, under a tax warrant, but was not delivered; the quantity sold being mixed with the other hay of the owner, to be weighed off or otherwise separated from the general mass, by the purchaser at a future time; *held* that the property in the hay did not pass to the purchaser.

An officer who makes a judicial sale must separate the property he sells, from the mass of property with which it is mixed, or the title will not pass.

THIS was an action commenced before a justice of the peace of the county of Onondaga. The plaintiffs complained of the defendant for wrongfully taking and carrying away a quantity of hay from a stack on the premises of the plaintiff Stevens. The defendant denied the wrongful taking, and alledged that all the hay he took was sold to him by the school collector of joint district No. 10 of Clay and Lysander, upon a trustees' warrant to collect taxes, for a tax against the plaintiff Stevens. The justice rendered a judgment in favor of the plaintiffs for $24,50 damages and costs. The defendant appealed to the county court, and that court reversed the judgment of the justice. From the judgment of the county court the plaintiffs appealed.

*Le Roy Morgan,* for the appellants.

*H. J. Sedgwick,* for the respondent.

*By the Court*, GRIDLEY, P. J.   Waiving the question of *regularity*, we are satisfied that the sale was conducted in such a manner that the property in the hay did not pass to the purchaser.   There was neither a delivery of the hay at the time of the sale, nor was the quantity sold ascertained, by weighing, measuring, estimating, or separating it from the residue in the stacks.

The collector sold three tons of hay, saying to the purchaser that, if there were not three tons in a certain stack which he pointed out, he must make it up from another standing in the same field.   At a subsequent time, the purchaser selected his hay ; throwing off and rejecting the top, and leaving the bottom of the stack first mentioned, and taking a part of the other one, to a place several miles distant, to be weighed, and finding he had taken too much, actually returned 185 pounds excess.   The hay, when sold by the collector, yet remained to be weighed, or otherwise ascertained and separated from the other hay of the owner.   Now, the rule of law applicable to such a sale is that laid down in a book of high authority, and has been adopted as the true rule by our courts.   " No sale can be perfect, and no property passes to the purchaser, when any act remains to be done by the vendor, such as weighing, measuring or counting out of a common parcel.   (*Long on Sales*, 267, *ed*. 1839.)

In the case of a voluntary sale, such a defect may be cured by a subsequent delivery and assent on the part of the vendor.   Not so in the case of a sale by authority of law.   In this case the collector never delivered the hay, but left the quantity sold, mixed with the other hay of the owner, to be weighed off or otherwise separated from the general mass by the purchaser.   How stood the relative rights of the purchaser and the original owner, the next morning after the sale ?   How much was the purchaser entitled to throw off from the top, and how much to leave at the bottom for the owner ?   How much of the other stack had he a right to take away ?   What was the owner of the hay to do in the mean time, until the three tons should be selected and removed ?   If he take any of the first stack, he is a trespasser.   If he take any of the second stack, how much shall he take ?

Suppose the first stack is destroyed by the elements ; how much of the second shall the purchaser take ? He does not know how much has been destroyed ; and how shall he ascertain the quantity which he has bought in the second stack ? (*Downer* v. *Thompson,* 2 *Hill,* 138.) These questions can not be answered ; and they serve to show the great difficulty of maintaining that any title to the property passed by the sale.

It is quite clear to us that the officer who makes a judicial sale must separate the property he sells from the mass of property with which it is mixed, or the title will not pass. It will not do to leave it to a future opportunity, to ascertain the precise property sold, by weight ; for the plain reason that all power to do this on the part of the officer expired when he had completed his sale, and omitted to separate the property sold, or to point it out to the buyer. He can not leave such a question to be settled between the purchaser and owner. The purchaser must have the property separated and delivered to him by the officer ; or at least pointed out to him, so that it can be distinguished from the residue of the owner's property, or no title passes by the sale.

We must, for this reason, hold the sale to be void, and reverse the judgment of the county court, and affirm that of the justice.

———•·•———

SAME TERM.	*Before the same Justices.*